1  ANNA ERICKSON WHITE (BAR NO. 161385)
   JANA G. GOLD (BAR NO. 154246)
2  ROBERT L. McKAGUE (BAR NO. 187461)
   YUNG-YEE (SHAO-BAI) WU (BAR NO. 213583)
3  JAMES OLIVA (BAR NO. 215440)
   MORRISON & FOERSTER LLP
4  755 Page Mill Road
   Palo Alto, CA  94304-1018
5  Telephone: (650) 813-5600
   Facsimile: (650) 494-0792
6
7  THOMAS A. SAENZ (BAR NO. 159430)
   BELINDA ESCOBOSA HELZER (BAR NO. 214178)
   MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
8  634 South Spring Street, 11th Floor
   Los Angeles, CA  90014
9  Telephone: (213) 629-2512

10 Attorneys for Plaintiffs
   SOCIETY OF ST. VINCENT DE PAUL OF
11 SANTA CLARA COUNTY and
   WORKERS' COMMISSION

12

13                    UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15                           SAN JOSE DIVISION

16

| | |
|---|---|
| 17  THE SOCIETY OF ST. VINCENT DE PAUL OF SANTA CLARA COUNTY; and 18  WORKERS' COMMISSION,<br><br>19                   Plaintiffs,<br><br>20      v.<br><br>21  THE CITY OF LOS ALTOS,<br><br>22                   Defendant. | Case No.  C02-00847 JF PVT<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

23
24
25
26
27
28

FIRST AMENDED COMPLAINT;  DEMAND FOR JURY TRIAL
CASE NO. C02-00847 JF PVT
pa-695297

1  Plaintiffs, the Society of St. Vincent de Paul of Santa Clara County ("the Society") and the
2  Workers' Commission ("the Commission"), allege as follows:

### INTRODUCTION

1. This civil rights action challenges ordinances enacted by the City of Los Altos (the "City") on the grounds that such ordinances violate the First and Fourteenth Amendments of the United States Constitution, both on their face and as applied to members of the Commission. This First Amended Complaint is being filed because the City, in response to the litigation brought by the Society and the Commission, passed minor amendments to the ordinances at issue in this litigation on or around May 17, 2002, and "supplemented" the legislative record relating to those ordinances.

### JURISDICTION AND VENUE

2. This court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a), and 2201, as well as under 42 U.S.C. § 1983.

3. Under 28 U.S.C. § 1391(b), venue is proper in this district because the City of Los Altos is located in this district and the events giving rise to the claims occurred in this district.

### INTRADISTRICT ASSIGNMENT

4. Under Civil Local Rules 3-2(c) and (e) of the Court, this action should be assigned to the San Jose Division because the events giving rise to the claims occurred in the County of Santa Clara.

### THE PARTIES

5. Plaintiff the Society is a nonprofit public benefit corporation organized under the laws of the State of California with its main office in San Jose, California. The Society is comprised of lay Catholic volunteers residing in the County of Santa Clara and is engaged in charitable endeavors within the County, including but not limited to providing home visits, shelter, dining rooms, employment services, and visitation programs to those in need. Over approximately the past two years, the Society operated St. Joseph's the Worker Center in Los Altos, California, which provided support services to day laborers, including counseling, coordination with prospective employers, protection of the workers from exploitation, and other social services. The Society also

1   provided services to prospective day labor employers, including coordination of available workers,
2   worker training, and facilities.
3       6.      At the time the City passed the ordinances at issue in this litigation, the City knew that
4   the Worker Center operated by the Society was operating at or near capacity, and that passage of the
5   ordinances was likely to overburden the existing Center.  As a result of the enactment of the
6   ordinances and the actions taken by the City of Los Altos, St. Joseph's the Worker Center in Los
7   Altos was, in fact, overburdened and the Society lost its lease to the building in which the Center
8   operated.
9       7.      Since the Worker Center in Los Altos was forced to close, the Society has had to
10  devote significant resources and efforts to combat the effects of the Los Altos ordinance, including
11  but not limited to finding alternative means of addressing the needs of day laborers who desire to
12  make their availability for work in the City known through means prohibited by the ordinances and
13  whose services are demanded by prospective employers within the City.  Moreover, the Society has
14  been forced to devote more of its time, effort and money to counteract the unlawful effects of the
15  ordinance through increased educational efforts directed at the day laborers and the community at
16  large.  The Society has also expended additional resources to identify and dispel the chilling effects
17  of defendant's ordinance, which discourages employers from engaging in the solicitation of day
18  laborers for employment.  In addition, the Society has had to divert resources away from and/or
19  increase the resources it would otherwise devote to the activities and programs it operates in other
20  municipalities, such as the City of San Jose, in order to intervene to assist day laborers who are
21  subjected to harassment by the City of Los Altos as a result of the ordinances' enforcement or
22  threatened enforcement.
23      8.      Plaintiff the Workers' Commission is an unincorporated association comprised of day
24  laborers and others whose goals are to defend the rights of local day laborers and to address the
25  problems that they face.  The members of the Commission are current and former day laborers who
26  desire to make their availability for day work known within the City of Los Altos through means
27  prohibited by the ordinances challenged in this action.  The Commission provides support services to
28

its members, including but not limited to dissemination of information on wages and other work-related issues, health and medical information, provision of food, and referral services to other support agencies in the community.  In particular, the Commission polices its members to ensure that public order, sanitation, and safety are maintained.  The Commission conducts regular meetings of its members to discuss issues of interest, set policies and rules of conduct, and hold elections.  The individuals that serve as Commissioners are elected by the members of the Commission, and may include former day laborers, as well as current day laborers.

9. Defendant City of Los Altos is a general law city incorporated in the State of California.  Through its five-member City Council, it has enacted and enforced ordinances governing speech and conduct in the City of Los Altos.

**FACTUAL ALLEGATIONS**

10. In July and August 1999, the City of Los Altos enacted two ordinances which added Sections 9.12.010 through 9.12.050 to the Los Altos Municipal Code in order to address alleged concerns about day laborer solicitation occurring outside St. Joseph's the Worker Center.

11. On information and belief, in passing the ordinances, the City relied on documents prepared by City staff, included a memorandum that states a "major impact" of adopting the ordinances would involve "provisions for another location where day workers can congregate" and recommended that the City locate "a suitable alternate site" where the day workers can congregate. These underlying documents also acknowledge that other cities which had passed ordinances similar to those adopted by the City did, in fact, have a site or center where day laborers could seek employment, and that these other cities provided significant funding for such sites and/or centers.

12. On information and belief, the City publicized enactment of the ordinances to day laborers at meetings or other gatherings, has erected signs publicizing the ordinance in areas where day laborers and employers historically meet to solicit employment, and indicated to the day laborers and their potential employers both explicitly and implicitly that it intended to enforce the ordinances.

13. Following extensive negotiations with the City of Los Altos over the unconstitutional aspects of the City's ordinances, and the City's refusal to suspend enforcement of the unconstitutional

1  ordinances or to amend the ordinances to remove unconstitutional defects, the Society and
2  Commission filed the present lawsuit on February 19, 2002.

3  14.  On or around May 17, 2002, in response to the present lawsuit by the Society and the
4  Commission, the City of Los Altos held an urgency meeting on 24 hours notice at which it amended
5  Sections 9.12.010 through 9.12.050 purportedly to supplement the record with alleged justifications
6  for the ordinances.  Among the alleged "Findings" relied on by the City Council was a "finding" that
7  adoption of the amended ordinances was necessary due to the litigation brought by the Society and
8  the Commission.  The amended ordinances were adopted by all four of the Council members
9  attending the May 17 meeting, the minimum number the City Attorney deemed necessary to adopt
10 the amendments as an Urgency Ordinance.

11 15.  At the May 17 meeting, "as a back-up measure," the City also introduced a regular,
12 non-urgency version of the amended ordinances "should, for any reason, the urgency rationale as set
13 out in the urgency ordinance be considered to be insufficient."  On or around May 28, 2002, the City
14 Council of Los Altos passed unanimously the non-urgency version of the amended ordinance at one
15 of its regularly scheduled meetings.

16 16.  The amendments to the City's ordinances were minor, and do not alleviate the
17 ordinances' impact on protected speech.  For example, the amended ordinances retain the same
18 definitions of "business," "employment," "solicit" and "public right-of-way" in Section 9.12.010 as
19 the original ordinances.

20 17.  As amended on May 17, 2002, Section 9.12.020(A) makes it unlawful for any person
21 occupying any unparked vehicle, whether driver or passenger, in the roadway in a posted no vehicle
22 solicitation zone to take any action intended to solicit, any person standing, sitting walking or riding
23 any nonmotorized conveyance, within the public right of way (including sidewalks and driveways).
24 In addition, Section 9.12.020(B) as amended, makes it unlawful for any person, while standing,
25 sitting, walking, or riding any non-motorized conveyance within the public right of way (including
26 sidewalks and driveways), in a posted no vehicle solicitation zone, to take any action intended to
27 solicit any person traveling in a vehicle within the roadway.
28

1   18.   As amended, Section 9.12.030 allows the Los Altos Chief of Police to declare an area to be a "no vehicle solicitation zone" when he or she finds, based on traffic volume, visibility, the nature of adjacent property, interference with lawful business of owners or tenants immediately adjacent to the area, and other considerations of traffic safety, that solicitation within any such area or areas would substantially degrade the conditions previously existing before any solicitation, or would, if continued, constitute a public nuisance or is otherwise adversely affecting the public peace, health, safety, and welfare.  A copy of Sections 9.12.010 through 9.12.050, as amended by the Los Altos City Council on May 17, 2002, are attached to this complaint as Exhibit A and incorporated into this amended complaint by reference.

19.   On approximately October 31, 2001, as a result of a significant increase in the number of day laborers using the Center due to passage and threatened enforcement of the City's ordinances, St. Joseph's the Worker Center lost its lease and was forced to close.  Since closure of the Center, the City of Los Altos has enforced or publicly threatened to enforce Section 9.12.010 *et seq.* against day laborers and their employers.

20.   For example, on January 24, 2002, a police officer for the City issued a citation under the ordinances to a day worker, who was speaking to a potential employer in the parking lot of the fast food restaurant, Jack in the Box, located at 4896 El Camino Real, Los Altos, California.  The police officer also issued citations under the ordinances to the employer and the employer's agent who had parked their car in the lot and were discussing a short term construction job with the worker.

21.   Moreover, the City has assigned police officers and patrol cars to areas where day laborers congregate to express their availability for employment.  Such enforcement actions and threatened enforcement actions chill the ability of day laborers and their potential employers to meet and communicate.

22.   In addition, on or around May 18, 2002, a Los Altos police officer approached a potential employer that had pulled off of the public roadway into the private parking lot of the Jack in the Box restaurant, informed the individual he was in violation of Los Altos' anti-solicitation

1  ordinance, and discouraged that individual from engaging in discussion of employment solicitation
2  with any of the day laborers then present.

3      23.    The City has, among other things, distributed a pamphlet to "Day Workers and
4  Employers" in both English and Spanish threatening enforcement of the ordinance and "advising" the
5  day workers, including members of the Commission, "not to seek employment on the streets in the
6  City of Los Altos." The pamphlet further "asked" day workers to go to the Alum Rock Day Workers
7  Center "to seek a job." The Alum Rock Worker Center is located in San Jose, is supported by public
8  funds from the City of San Jose, and is operated by the Society. On information and belief, since
9  closure of St. Joseph's the Worker Center, the City has not provided or identified any public forum
10 within the boundaries of Los Altos where day laborers may solicit employment from potential
11 employers.

12     24.    Members of the Commission and day laborers served by the Society fear expressing
13 their availability for employment in the manner they have used in the past because the enforcement or
14 threatened enforcement of the ordinances enacted by the City subject them to harassment and
15 possible citation by the police should they engage in such expression. Day laborers, including
16 members of the Commission, are harmed because the ordinances chill their ability to communicate
17 with prospective employers in Los Altos.

18     25.    Section 9.12.010 *et seq.*, in both its original form and as amended, of the Los Altos
19 Municipal Code prohibits and regulates speech and other expressive activity in areas such as
20 sidewalks that are traditional public fora.

21     26.    Section 9.12.010 *et seq.*, in both its original form and as amended, discriminates
22 among speech and other expressive activity on the basis of content, prohibiting and prescribing
23 criminal penalties for speech of particular content while speech of different content is not proscribed
24 or regulated. Moreover, the City does not have a compelling governmental interest in regulating
25 speech and expressive activity in the manner that Section 9.12.010 *et seq.* does, in both its original
26 form and as amended. Furthermore, Section 9.12.010 *et seq.*, in both its original form and as
27
28

1  amended, is not necessary to serve a compelling governmental interest the City may assert nor is it
2  narrowly drawn to achieve the City's asserted interest.

3  27.  Section 9.12.010 *et seq.*, in both its original form and as amended, is an unreasonable
4  and unjustified restriction on the time, place and manner of constitutionally protected speech within
5  the City of Los Altos.  Furthermore, Section 9.12.010 *et seq.*, in both its original form and as
6  amended, is not narrowly tailored to serve a significant governmental interest and does not leave
7  open ample alternative channels for communication.

8  28.  Section 9.12.010 *et seq.*, of the Los Altos Municipal Code, in both its original form
9  and as amended, prohibits commercial speech that concerns lawful activity and that is both truthful
10 and nonmisleading — including the commercial speech of members of the Commission and day
11 laborers served by the Society.  Moreover, the City does not have a substantial governmental interest
12 in regulating speech and expressive activity in the manner that Section 9.12.010 et seq. does, in both
13 its original form and as amended.  Furthermore, Section 9.12.010 *et seq.*, in both its original form and
14 as amended, does not directly advance any substantial governmental interest that the City may assert
15 and is more extensive than necessary to serve that interest.

16 29.  Section 9.12.010 et seq. of the Los Altos Municipal Code, in both its original form and
17 as amended, is impermissibly overbroad in that it restricts protected First Amendment speech and
18 does not employ means narrowly tailored to serve a compelling governmental interest, and thus
19 creates an unnecessary risk of chilling protected speech.

20 30.  Section 9.12.010 *et seq.* of the Los Altos Municipal Code, in both its original form and
21 as amended, is impermissibly vague such that persons of ordinary intelligence do not have a
22 reasonable opportunity to know what behavior is prohibited in what location, and basic policy matters
23 are delegated to lower level officials for resolution on an ad hoc and subjective basis, with the
24 attendant dangers of arbitrary and discriminatory application.

25
26
27
28

**FIRST CLAIM**

(42 U.S.C. § 1983 —First and Fourteenth Amendments — LA § 9.12.010 *et seq.*)

31. The Society and the Commission reallege and incorporate by reference the factual allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

32. By enforcing or threatening to enforce Section 9.12.010 *et seq.* of the Los Altos Municipal Code, either in its original form or as amended, the City of Los Altos has deprived and continues to deprive the Society, day laborers served by the Society, the members of the Commission, and others of rights guaranteed by the First Amendment and Fourteenth Amendment of the United States Constitution. The City commits these unconstitutional acts under color or authority of law.

33. Continued enforcement or threats of enforcement of Section 9.12.010 *et seq.* violate the rights of the Society, day laborers served by the Society and the members of the Commission and the rights of others that are protected by the First and Fourteenth Amendments of the United States Constitution. Enforcement of these sections should therefore be enjoined.

34. Enforcement and threatened enforcement of the original and amended versions of Section 9.12.010 *et seq.* have damaged the Society through the necessary expenditure of resources to defend against and ameliorate the effects of the ordinances.

**SECOND CLAIM**

(28 U.S.C. § 2201 — Declaratory Relief — LA § 9.12.010 *et seq.*)

35. The Society and the Commission reallege and incorporate by reference the factual allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

36. An actual controversy exists between the Society and the members of the Commission and the City of Los Altos regarding the constitutionality and legal enforceability of Sections 9.12.010 through 9.12.050 of the Los Altos Municipal Code, as amended on May 17, 2002.

37. The Society and the members of the Commission are entitled to a declaration of their rights with regard to Sections 9.12.010 through 9.12.050.

**PRAYER FOR RELIEF**

38. Because of the actions alleged above, the Society and the Commission seek judgment against the City of Los Altos as follows:

    a. That the City be enjoined in perpetuity from enforcing Los Altos Municipal Code Sections 9.12.010 through 9.12.050;

    b. That the City compensate the Society for all damages, according to proof, caused by enforcement and threatened enforcement of Los Altos Municipal Code Sections 9.12.010 through 9.12.050, whether in their original or amended form;

    c. That Los Altos Municipal Code Sections 9.12.010 through 9.12.050 be declared null and void as unconstitutional in violating the First and Fourteenth Amendments of the United States Constitution;

    d. That the Society and the Commission recover from the City, under 42 U.S.C. § 1988, all of their reasonable attorney fees, costs, and expenses of this litigation; and

    e. That the Society and the members of the Commission recover such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs the Society and the Commission hereby demand a jury trial.

Dated: June 10, 2002

    ANNA ERICKSON WHITE
    JANA G. GOLD
    ROBERT L. McKAGUE
    YUNG-YEE (SHAO-BAI) WU
    JAMES OLIVA
    MORRISON & FOERSTER LLP

    THOMAS A. SAENZ
    BELINDA ESCOBOSA HELZER
    MEXICAN AMERICAN DEFENSE AND EDUCATIONAL FUND

    By: s/Anna Erickson White
    Anna Erickson White
    Attorneys for Plaintiffs
    SOCIETY OF ST. VINCENT DE PAUL OF SANTA CLARA COUNTY
    and WORKERS' COMMISSION